MICHAEL R. FEINBERG (89196)
mrf@ssdslaw.com
MARGO A. FEINBERG (100655)
margo@ssdslaw.com
LEORA SWERDLOW (359519)
ls@ssdslaw.com
Schwartz, Steinsapir, Dohrmann & Sommers LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Telephone: (323) 655-4700

Attorneys for Defendant, Local 4811
International Union, United Automobile, Aerospace, and
Agricultural Implement Workers of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| KARIN YANIV,<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 4811, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,<br><br>Defendant. | Case No. 4:25-cv-00819-AMO<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO SERVE REBUTTAL EXPERT REPORT AND DEPOSE DEFENDANT'S PROFFERED EXPERT, BARRY TRACHTENBERG, CONTINGENT ON OUTCOME OF MOTION IN LIMINE**<br><br>Trial Date: April 19, 2027<br><br>Action filed: January 24, 2025 |

1

# I

## INTRODUCTION

The plaintiff asks this Court to toss out the present Scheduling Order in order to create a procedure in which she, and she alone, gets to postpone designating a rebuttal expert until after the deadline that the Court ordered so that her evidentiary objections to the defendant's expert's reports can be heard first. This demand is not only unreasonable but improper.

The deadline for both the plaintiff and the defendant to designate expert witnesses was June 1, 2026. Scheduling Order (Docket No. 55). That Order also sets June 15, 2026 as the deadline for filing any rebuttal expert reports.

Those deadlines were first set more than a year ago, then extended this last February, based on the parties' stipulation. The parties asked the Court the extend the deadlines for expert reports a third time, this last April 22, 2026; that last request was denied.

The plaintiff did not ask the Court to create two different timetables, one for her and another for the defendant, on any of these occasions. Instead she waited until June 9, 2026, after the defendant had filed its timely expert disclosure on June 1, 2026, to bring this motion.

The plaintiff has not, for her part, produced any expert report or even named the expert she would call. Instead she asks that the Court rewrite its Scheduling Order unilaterally in order to allow her to provide a rebuttal expert report at some indefinite future date, after the Court decides her Motion in Limine to exclude the testimony and opinions of defendant's expert.

Plaintiff's request must be denied. In order to modify a Scheduling Order under Rule 16(b)(4), plaintiff must show that she has acted diligently and that her failure to comply with the Court's Order was due to reasons outside her control. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). As *Zivkovic* holds, "If the party seeking a modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiff has not, in fact, even attempted to show diligence or to justify her failure to comply with the Scheduling Order. She offers no explanation why she let a year go by without

Defendant's Opposition to Plaintiff's Motion for Enlargement of Time

retaining an expert. She does not claim, as the plaintiff in *Wong v. Regents of University of California*, 410 F.3d 1052 (9th Cir. 2005) did, that she could not have anticipated that she would want to call an expert of her own until she saw the defendant's expert's report. Nor does she contend that there are no expert witnesses available in this field.

Far from showing that she has been diligent and that she was unable to comply with the Scheduling Order's deadlines for reasons beyond her control, the plaintiff's motion establishes the opposite. Her motion should be denied.

II

**THE PLAINTIFF HAS NOT SHOWN "GOOD CAUSE" FOR RELIEF FROM HER FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER**

Our court system requires schedules and deadlines in order to function. As the Ninth Circuit stated in *Wong*:

> [T]rial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

410 F.3d at 1060.

Rule 37(c)(1) of the Federal Rules of Civil Procedure spells out the consequences if a party fails to adhere to such an order:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

This Rule is, as the Ninth Circuit noted in *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011), a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure.

The plaintiff has not established good cause for the extraordinary relief she seeks or shown that her failure to comply with the Court's Scheduling Order was "substantially

3

justified." Her counsel's bare-bones declaration says nothing about the efforts she made to locate a potential expert witness in the past year or the reasons, if any, for failing to comply with the Court's Scheduling Order. Far from establishing the diligence that the Rules require, her moving papers show that she let that opportunity lapse, either as a deliberate choice or through oversight. Neither entitles her to any relief under either Rule 16 or Rule 37.

Plaintiff insists, on the other hand, that allowing her to postpone designation of an expert and production of a rebuttal report would be "harmless" because the defendant could still take her expert's deposition if the Court also extended the deadlines for completion of expert discovery after it ruled on her Motion in Limine. That argument simply collapses on close examination.

This proposed change in the Scheduling Order is not harmless under any definition of that term: it would give the plaintiff the opportunity to test out her evidentiary objections to Dr. Trachtenberg's report before her expert would have to prepare a rebuttal, enabling her expert to fit that report within whatever parameters this Court might set, while denying the defendant's expert any opportunity to augment or correct his report.

That is a concrete substantive and procedural advantage for the plaintiff—one which she has done nothing to deserve. Allowing the defendant more time to take discovery would not cure that imbalance or make it harmless.

The plaintiff never proposed anything remotely like this procedure, in which she, and she alone, gets to postpone designating a rebuttal expert, on any of the occasions when the parties asked the Court to modify the schedule for expert disclosures. Instead she waited until after the defendant had served its expert's report in compliance with the Court's Order.

There is a reason for that, of course: no court would have adopted such an obviously unfair scheduling system, in which one side is bound by the deadlines set by Court order and the other side is not. If the Court would not have approved this unbalanced disclosure schedule before June 1, 2026, then it is hard to see why it should now.

If she had made that proposal she would, moreover, have had to explain why she was choosing not to obtain an expert of her own, and why giving her an option denied to the other

Defendant's Opposition to Plaintiff's Motion for Enlargement of Time

side was necessary. She evidently would not have been able to give satisfactory answers to either of those questions—as shown by her counsel's silence on those issues in bringing this motion.

Which brings us back to the issue of diligence, which is both the beginning and end of the inquiry under *Zivkovic*. The plaintiff should have been hiring an expert witness months ago; as far as we can tell from her moving papers she did not, even though she had clear notice of the deadline to do so. If she wanted to ask the Court to create a procedure in which she was allowed to first bring a Motion in Limine based on evidentiary objections to the defendant's expert's report, the time for her to do so was before, not after, the defendant submitted its expert's report.

She did nothing of the sort on either occasion; instead she now asks the Court for both extraordinary and untimely relief because of a crisis she created by her own inaction. This motion must be denied.

### III

### CONCLUSION

For all the reasons set forth above, defendant Local 4811 International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America respectfully requests that plaintiff's motion to enlarge time be denied.

DATE: June 15, 2026     Respectfully submitted,

           SCHWARTZ, STEINSAPIR, DOHRMANN
             & SOMMERS LLP
           MICHAEL R. FEINBERG
           MARGO A. FEINBERG
           LEORA SWERDLOW

           By  */s/Michael R. Feinberg*
             MICHAEL R. FEINBERG
             Attorneys for Defendant,
           Local 4811 International Union, United
          Automobile, Aerospace, and Agricultural
           Implement Workers of America

Defendant's Opposition to Plaintiff's Motion for Enlargement of Time