UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARIN YANIV,

           Plaintiff,

    v.

LOCAL 4811, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,

           Defendant.

Case No. 25-cv-00819-AMO

**ORDER DENYING MOTION IN LIMINE**

Re: Dkt. No. 59

Before the Court is Plaintiff Karin Yaniv's motion to exclude the testimony of Barry Trachtenberg. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for July 16, 2026, is VACATED. *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause lacking, the Court **DENIES** Yaniv's motion for the following reasons.

Yaniv's motion to exclude the testimony and opinions of Defendant's expert is styled as a motion in limine. *See* Dkt. No. 59. "A motion in limine is a procedural mechanism [that is used] to limit in advance" of trial the scope of "testimony or evidence in a particular area" that will be permitted at trial. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). Motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). In many instances, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016).

Here, Yaniv brings this motion in limine far in advance of trial – indeed, well in advance of dispositive motion briefing. *See* Dkt. No. 55 (setting July 27, 2026 deadline for the filing of dispositive motions). The Court declines to rule on a motion in limine so early in the case and so far in advance of trial. *Cf. Pac. Gas & Elec.*, 178 F. Supp. 3d at 941.

Further, Yaniv requests that the Court bar Trachtenberg's opinion, but she states that she does not move to exclude Trachtenberg under Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). *See* Dkt. No. 59 at 2. Yaniv's inherently contradictory motion, at once seeking to exclude expert testimony but expressly avoiding the well-worn procedural mechanism to accomplish the task, thus finds no support in the Federal Rules. The Court cannot grant such a motion in limine.

For both reasons, the motion's prematurity, as well as its inconsistency with the Federal Rules, the Court **DENIES** Yaniv's motion.

**IT IS SO ORDERED.**

Dated: July 2, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

2