Thomas Myers (SBN 120674)
Email: myers@smithmyerslaw.com
SMITH & MYERS LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: 213.613.2380
Facsimile: 213.613.2395

Danielle R. Acker Susanj (pro hac vice)
PA Attorney I.D. No. 316208
Email: drasusanj@fairnesscenter.org
Jonathan R. Vaitl (pro hac vice)
PA Attorney I.D. No. 324164
Email: jrvaitl@fairnesscenter.org
Nathan J. McGrath (pro hac vice)
PA Attorney I.D. No. 308845
Email: njmcgrath@fairnesscenter.org
Anthony R. Holtzman (pro hac vice)
PA Attorney I.D. No. 200053
Email: arholtzman@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

Attorneys for Plaintiff Karin Yaniv

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| KARIN YANIV,<br><br>       Plaintiff,<br><br>       v.<br><br>LOCAL 4811, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,<br><br>       Defendant. | **Case No. 25-cv-00819-AMO (AGTx)**<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**Action filed: January 24, 2025** |

## INTRODUCTION

In the Ninth Circuit, it is well-settled that, in order for a court to seal documents that are attached to a dispositive motion, the party who is asking it to do so must satisfy a "high threshold" by showing "compelling reasons" for the secrecy. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Union has not satisfied that burden here.

For one, much of the information that the Union seeks to file under seal is not even subject to the Protective Order's confidentiality protections. The Union, in particular, asks the Court to seal names that are already stated in the public Complaint and names and documents that were known to Plaintiff before she commenced this litigation. It also asks the Court to seal documents that it failed to designate as confidential when it previously had the opportunity to do so. There is certainly no basis for the Court to seal names and documents that are not even confidential as between the parties.

And, in any event, far from demonstrating "compelling reasons" to seal the identified names and documents, the Union's Administrative Motion to File Under Seal ("Motion") (Dkt. 71) is merely a recycling of the same arguments that it made when it sought to maintain the confidentiality designations that, under the Protective Order, it attached to some of the same types of information. But, the Ninth Circuit has made it clear that just because information qualifies for protection under a protective order does not mean that there are "compelling reasons" for sealing that information when it is attached to a dispositive motion. *Kamakana*, 447 F.3d at 1179 ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."). Therefore, the mere fact that, under the Protective Order, the Union maintained confidentiality designations for some of the names or documents at issue is not enough to satisfy the "compelling reasons" test for sealing them as attachments to its motion for summary judgment. And the Motion does not contain anything else that would enable the Union to meet that high standard.

For these reasons, which are discussed in more detail below, the Court should deny the Motion.

1

Pl.'s Mem. of Law in Opp'n to Def.'s Admin. Mot. to File Under Seal (25-cv-0819)

**ARGUMENT**

I.    **The Union Seeks to Seal Information that Is Not Subject to Confidentiality Protections Under the Protective Order**

In its Motion, the Union asks the Court to seal documents and information that are ***not*** within the scope of the Protective Order or have ***not*** been designated as confidential in the first instance. The Court should reject the Union's attempt to seal information that is not even confidential as between the parties.

The Protective Order establishes that "any information known to the Receiving Party prior to the disclosure" is excluded from its coverage. Dkt. 44, § 3. In its Motion, the Union asks the Court to seal documents, either in their entirety or in redacted form, because they contain the names of certain individuals. But Plaintiff *already knew* about many of those individuals and their names before she commenced this lawsuit. Some of the names, for example, are names that she expressly stated in her public Complaint. *See*, *e.g.*, Dkt. 1, ¶¶ 30 (Gabriel Woolls), 58 (Fatima Yousuf, Jake Orbison). Similarly, the Union seeks to seal e-mails that Plaintiff *herself* sent or received before she commenced this lawsuit. *See*, *e.g.*, Exhibit 8 to Woolls deposition (Dkt. 70-7), Exhibit E to Rafael Jaime Declaration (Dkt. 70-16), Exhibit E to Tanzil Chowdhury Declaration (Dkt. 70-22). Those e-mails, for that matter, contain a number of names that Plaintiff expressly stated in her Complaint. Dkt. 1, ¶¶ 41 (Sarah Arveson, Laura Cook, Rafael Jaime, David Weitz), 52 (Tanzil Aziz Chowdhury). There can be no dispute that Plaintiff knew about all of these names and e-mails prior to any disclosure that the Union made to her in the context of this lawsuit. Pursuant to Section 3 of the Protective Order, therefore, the names and e-mails are not subject to the Protective Order and not confidential. Given that they are not confidential as between the parties, there are not "compelling reasons" for them to be filed under seal. *Collegesource, Inc. v. Academyone, Inc.*, No. 08-cv-1987, 2013 WL 12114786, at *2 (S.D. Cal. Mar. 29, 2013) (denying motion to seal as to the non-confidential information).

Additionally, the Union wishes to file under seal the entire transcript of the deposition of Gabriel Woolls. But Mr. Woolls' testimony also is not confidential. Section 5.2(b) of the Protective Order requires a designating party to "identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of

protection being asserted." Dkt. 44, § 5.2(b). Alternatively, the designating party "may invoke on the record (before the deposition, hearing, or other proceedings is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted." *Id.* Yet, during Mr. Woolls' deposition, both the Union and Mr. Woolls' counsel failed to designate any portion of his testimony as confidential or invoke a right to do so within 21 days after receiving the transcript. Declaration of Jonathan R. Vaitl, ¶¶ 3–4. Mr. Woolls' testimony, therefore, is not confidential under the Protective Order.[1] As a result, there are not "compelling reasons" for it to be filed under seal. *Collegesource, Inc.*, 2013 WL 12114786, at *2.

The Union makes no argument as to why names that are in the public domain or not otherwise confidential under the Protective Order should nevertheless be sealed. In fact, the Union ignores these points entirely. Courts, however, have denied motions to seal where the information in question was already publicly available. *See Vietnam Veterans of Am. v. C.I.A.*, No. C 09-0037 CW, 2012 WL 1094360, at *2 (N.D. Cal. Mar. 29, 2012) (denying motion to seal, in part, because "several of the pages that Defendants seek to seal have already been filed on the public docket of this case without redactions"); *Hinterdobler v. FANUC Am. Corp.*, No. 25-cv-08001-EMC, 2026 WL 673835, at *1 (N.D. Cal. Mar. 10, 2026) (denying motion to seal and noting that "the issue of sealing is somewhat of a moot point given that the information Plaintiff wishes to seal was already disclosed at a public hearing"). Courts have similarly denied motions to seal documents in their entirety, particularly where the documents contained non-confidential information. *L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. CV 18-6809, 2019 WL 13095159, at *2 (C.D. Cal. Sept. 18, 2019) (noting that "filing of entire documents under seal is improper" and rejecting requests to seal documents that "contain objectively non-confidential information"); *Collegesource, Inc.*, at *2 (denying motion to seal "as to the non-confidential portion of the filed documents").

---

[1] Notably, in conjunction with its motion for summary judgment, the Union itself filed an unredacted copy of the transcript. *See* Dkt. 70-7.

The Court should reach the same result here. The Union has not shown any basis for sealing information that is already publicly available or otherwise *not* confidential under the Protective Order. The Court, therefore, should deny the Motion.

## II.     The Union Otherwise Fails to Demonstrate Compelling Reasons to Seal

Even aside from these Protective Order-related deficiencies with its arguments, the Union has failed to satisfy its burden here.

The Union's principal argument rests on its assumption that a non-party governmental agency will launch a hypothetical future investigation based on the relevant individuals' *public* advocacy. The Union has advanced this argument on several occasions throughout this litigation, but has yet to marshal any evidence that pertains to the particular non-party individuals at issue. Instead, the Union's argument continues to be speculative, and its only "evidence" consists of certain public statements that the federal government has made, references to students at other universities, trial court rulings in separate matters, and news articles. And, in proffering its "evidence," the Union asks the Court, for the third time, to take judicial notice of facts that are described within those documents, which is improper.[2] But, none of these items has any connection to this case. Further, the fact that certain investigative activities have occurred and are being contested in other matters does not establish that investigative activities will occur here.

The Union also repeats its argument that public disclosure of the relevant individuals' names will infringe on their First Amendment rights. To the extent that the Union is reasserting its claim of associational privilege, the argument is misplaced. The privilege is triggered only if disclosing ***the fact*** of a person's ***membership*** in an organization, or views that the person expressed ***privately*** in the context of the group affiliation, would likely cause that person to experience harm. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 462–63 (1958) (applying the

---

[2] In its request for judicial notice, the Union asks the Court to take judicial notice of certain news articles and reconsider its original request for judicial notice (Dkt. 31), filed on June 13, 2025. The Union's original request also included news articles, as well as dockets for other court cases. In both the current and the original requests, the Union is asking the Court to take judicial notice not only of the fact that those dockets exist and that those articles were published, but also of the facts that are described within the dockets and articles, claiming they are "not subject to reasonable dispute." The Union's request is improper. *See U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1002 (N.D. Cal. 2020) (a court may take judicial notice of the fact that articles were in the public realm but "may not take judicial notice of the facts contained in the articles.") (internal citations omitted). Plaintiff, therefore, opposes both of the Union's requests for judicial notice.

4

Pl.'s Mem. of Law in Opp'n to Def.'s Admin. Mot. to File Under Seal (25-cv-0819)

privilege to compelled disclosure of membership list); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010) (applying the privilege to the disclosure of "personal, non-public communications" that concerned a politically sensitive topic); *Dole v. Serv. Emps. Union, Loc. 280*, 950 F.2d 1456, 1459 (9th Cir. 1991) (applying the privilege to "statements which Union members may well have made only because they believed that their comments would not be repeated outside of the Union"). In its Motion, the Union has not identified any communications that would trigger this privilege.

Further, the Court already rejected this argument in its order regarding the Union's motion to retain confidentiality. *See* Dkt. 53. There, Magistrate Judge Tse reasoned that the decisions on which the Union relied were inapplicable because "they dealt with parties who fought over the compelled disclosure of information," which was not at issue here. *Id.* at 4. The Union still is not being compelled to disclose any of the individuals' names. It has chosen to file a dispositive motion and attach, as exhibits, documents that contain those names. For each of these reasons, the Union's First Amendment argument fails.

As stated above, the Court's finding of good cause for the Union to maintain some of its confidentiality designations is not sufficient to satisfy the "compelling reasons" test for sealing information that is attached to a dispositive motion. *Kamakana*, 447 F.3d at 1180. The presumption against sealing judicial records is strong, as "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* The Motion is devoid of any evidence that would enable the Union to satisfy this high burden. It is worth noting, in fact, that the Union's argument here was not even sufficient to support the "attorney's eyes only" designation that, under the Protective Order, it initially sought for the types of information at issue. *See* Dkt. 53 at 4–5 (noting that the Union did "not provide any rationale" to keep the information designated as highly confidential, attorney's eyes only). The Union has altogether failed to point to anything more that would satisfy the *even more* stringent "compelling reasons" test. The Court, therefore, should deny the Motion.

## CONCLUSION

For the reasons discussed above, the Court should deny the Motion.

Dated: July 31, 2026                    Respectfully Submitted,


                                        By:   */s/ Jonathan R. Vaitl*
                                              Jonathan R. Vaitl
                                              Attorney for Plaintiff Karin Yaniv